**FILED**

**June 3, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **Z.H. and D.H.**

**No. 20-0998** (Harrison County 19-JA-189-3 and 19-JA-190-3)

**MEMORANDUM DECISION**

Petitioner Mother N.M., by counsel Jenna L. Robey, appeals the Circuit Court of Harrison County's November 23, 2020, order terminating her parental and custodial rights to Z.H. and D.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem, Julie N. Garvin, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period and terminating her parental and custodial rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2019, the DHHR filed an abuse and neglect petition alleging that petitioner was previously charged with one felony count of child neglect resulting in bodily injury. This criminal charge stemmed from petitioner drinking to the point of passing out during a party in her home. Because of her intoxication, petitioner failed to protect the children. One child was "branded" five times by a hot object on the left arm, shoulder, and neck by an unknown individual. In her criminal proceeding, petitioner was granted a deferred adjudication, although this was later revoked because she violated several terms of her agreement, including being in the home of another person on probation, continuing to use and test positive for controlled substances for which she did not possess a valid prescription, possession of drug paraphernalia, failure to report for drug

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

testing on three occasions, and failure to keep appointments with the Harrison County Day Report Center. According to the petition, petitioner pled guilty to the felony charge of child neglect resulting in bodily injury and was sentenced to one year in a regional jail. Further, pursuant to West Virginia Code § 61-8D-9,[2] the criminal court adjudicated petitioner as an abusing parent in regard to both children. At the time the petition was filed, the children's paternal grandparents had legal guardianship of the children pursuant to an earlier family court order. As such, the DHHR never sought their emergency removal.

Following the petition's filing, petitioner moved for a post-adjudicatory improvement period. In November of 2019, the court held a dispositional hearing. Petitioner did not attend but was represented by counsel. During the hearing, the parties moved to continue disposition. According to petitioner's counsel, petitioner left her treatment program, and counsel required additional time to locate her to secure her participation in the proceedings. The court granted the motion and continued the hearing to January of 2020. At the continued dispositional hearing, petitioner again failed to appear but was represented by counsel. The court proceeded to hear testimony from the DHHR, which intended to proceed with the dispositional hearing and its request to terminate petitioner's parental rights. The DHHR presented testimony from a DHHR worker, who indicated that petitioner had had no contact with the DHHR since the petition's filing and, as a result, the DHHR was unable to implement rehabilitative services. According to the worker, petitioner's ongoing substance abuse resulted in the children's abuse and neglect. The worker further expressed the DHHR's position that the mother was unable to correct these conditions and that the children's welfare required termination of her parental rights. The DHHR then rested, after which petitioner presented testimony from the children's custodial grandmother. According to the grandmother, the children had been in her care since 2017, and petitioner last visited the children in December of 2018. The grandmother further explained that when petitioner did exercise visitation, "she attempted to turn the children against" the grandparents, "which resulted in behavior problems with the children." The grandmother expressed the preference that petitioner's parental rights be terminated.

Upon hearing the evidence, the court held its ruling on disposition in abeyance and ordered the DHHR to obtain copies of all the family court records pertaining to the children's legal guardianship. In March of 2020, the court held another dispositional hearing. Again, petitioner was not in attendance but was represented by counsel. The court inquired of petitioner's counsel as to her whereabouts, but counsel was unsure despite repeated attempts to communicate with petitioner. The court then accepted into evidence the files from the children's legal guardianship

---

[2]According to West Virginia Code § 61-8D-9,

[i]n any case where a person is convicted of a felony offense against a child as set forth in this article and the person has custodial, visitation or other parental rights to the child who is the victim of the offense or any child who resides in the same household as the victim, the court shall, at the time of sentencing, find that the person is an abusing parent within the meaning of § 49-4-601 through § 49-4-610 of this code as to the child victim, and may find that the person is an abusing parent as to any child who resides in the same household as the victim, and shall take such further action in accord with the provisions of those sections.

proceeding and then again held its dispositional ruling in abeyance. Following this hearing, petitioner filed a motion for a post-dispositional improvement period. In May of 2020, the court held a hearing on petitioner's motion and held its ruling in abeyance. In September of 2020, petitioner filed discovery consisting of a letter from a therapist from St. Joseph Recovery Center. According to the therapist, petitioner demonstrated "substantial growth" in several areas and a "depth and genuineness" in her recovery efforts. The therapist further indicated that if petitioner "stays focused on her recovery, attends support groups regularly, and works her relapse prevention plan[,] she will be one of the few who are able to find a stable recovery that leads to remission." Petitioner also disclosed a certificate "signif[ying] completion of 84 days of Residential Substance Abuse Treatment."

In October of 2020, the court held a final hearing to address petitioner's outstanding motion and disposition. The DHHR presented testimony from both custodial grandparents. The grandmother testified that the children never ask about petitioner and that she did not believe petitioner and the children shared a bond after not having seen them in over one year. The grandfather testified that the children "were not in a good place" when he obtained custody of them as a result of the physical abuse they suffered in petitioner's care. However, the grandfather indicated that the children thrived when in the grandparents' custody. Based on the evidence, the court found that petitioner "never contacted the . . . DHHR . . . about the children or this proceeding" and never sent "cards, letters, gifts, or financial support" for the children. Further, the court found that petitioner was prohibited from having contact with the children as a term and condition of her supervised release and never filed a motion to modify that term. Since petitioner was prohibited from having contact with the children, the court found that she could not satisfy her burden of proving that she was likely to fully comply with an improvement period and denied her request for the same. Further, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her parental and custodial rights was necessary for the children's welfare. These findings were based on the fact that petitioner took no steps to address the children's physical abuse that formed the basis of the petition and failed to follow through with rehabilitative efforts designed to reduce or prevent the abuse and neglect at issue. As such, the court terminated petitioner's parental and custodial rights.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided

---

[3]The father's parental rights were also terminated below. The permanency plan for the children is to remain in a legal guardianship with the paternal grandparents.

3

the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that it was error to deny her request for a post-dispositional improvement period. According to petitioner, because she completed substance abuse treatment, she demonstrated that she was likely to fully comply with the terms and conditions of an improvement period.[4] We find, however, that this argument ignores the reality that petitioner failed to participate in the proceedings in any meaningful way.

We have explained that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence that the [parent] is likely to fully participate in the improvement period.'" *In re Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004) (citation omitted). Here, petitioner could not satisfy this burden for several reasons. Most importantly, the evidence established that petitioner did not meaningfully participate in the proceedings for approximately one year. Petitioner was absent from several hearings; her counsel was unsure of her whereabouts on several occasions, including one instance in which she left substance abuse treatment; and she never contacted the DHHR about the children during the pendency of the proceedings. Further, as the circuit court noted, petitioner was functionally unable to participate in an improvement period due to the prohibition on contact between petitioner and the children as a condition of her supervised release. Petitioner never sought modification of this term, and, as a result, the evidence established that she had no bond with the children after not having seen them in over one year. Based on this evidence, it is clear that petitioner failed to meaningfully participate in the proceedings and was unlikely to fully participate in an improvement period.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). Here, we cannot find an abuse of discretion in the denial of petitioner's motion, given the evidence set forth above. While petitioner asserts that her successful completion of substance abuse treatment satisfied her burden, we find that this evidence alone, although commendable, does not excuse petitioner's almost total absence from the proceedings and the children's lives for such an extended period. Further, to the extent that petitioner asserts that the DHHR did not offer her services during the proceedings, the record shows that the DHHR presented testimony that it

---

[4]Citing West Virginia Code § 49-4-610(3), petitioner erroneously asserts that she was required to establish a substantial change in circumstances in order to obtain an improvement period. West Virginia Code § 49-4-610(3)(D) is clear, however, that demonstrating a substantial change is circumstances is only necessary if the parent has previously been granted an improvement period. Because petitioner was never granted an improvement period during the proceedings, this standard is not applicable.

was petitioner's lack of contact and general absence from the proceedings that precluded the implementation of services. As such, she is entitled to no relief.

This same evidence also supports the circuit court's termination of petitioner's parental and custodial rights. According to petitioner, termination of her rights was improper because she believes that she could substantially correct the conditions of abuse and neglect, as evidenced by her participation in substance abuse treatment. However, petitioner again ignores the fact that she failed to meaningfully participate below or even contact the DHHR in regard to the children and these proceedings. As the circuit court found, because of this lack of participation, petitioner failed to address the issue that necessitated the petition's filing, namely the physical abuse of one child while in her care. Further, petitioner asserts that it was unfortunate that the terms of her criminal conviction prevented visitation with the children and, thus, her participation in remedial services, but she ignores the circuit court's finding that she took no steps to modify that condition. Essentially, petitioner seeks to use her criminal conviction for the conduct giving rise to the petition as a shield against evidence that shows she failed to meaningfully participate below. We decline to grant her relief upon these arguments.

Contrary to petitioner's arguments on appeal, the evidence overwhelmingly supports the circuit court's findings necessary for termination of her rights. As the circuit court found, petitioner demonstrated an inadequate capacity to solve the problems of abuse and neglect on her own or with help, given that she failed to respond to or follow through with the rehabilitative efforts designed to reduce or prevent the abuse or neglect of the children as evidenced by the continuation or insubstantial diminution of those conditions. Under West Virginia Code § 49-4-604(d)(3), this constitutes a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future. As set forth above, it cannot be said that this finding is in error, given the evidence that petitioner refused to contact the DHHR about the proceedings or take steps to address the physical abuse that occurred under her supervision. Further, the court found that the children's best interests required termination of petitioner's parental rights, given that they required permanency and stability, and when considering that petitioner was prohibited from all contact with them, a condition she never sought to modify. Further, the court heard evidence that petitioner's limited contact with the children had a deleterious effect on their behavior, which further underscores the decision to terminate her rights to protect the children's welfare. According to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate parental rights upon these findings. Further, as this Court has held,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based on the overwhelming evidence in support of these determinations, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 23, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 3, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton